CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUN 19 2014
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOHNNY DORANZO DAWSON, | ) | Civil Action No. 7:14-cv-00162 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| WARDEN L. J. FLEMING, et al., | ) | By: Hon. James C. Turk |
| Defendants. | ) | Senior United States District Judge |

Johnny Doranzo Dawson, a Virginia prisoner proceeding pro se, filed a civil rights Complaint, pursuant to 42 U.S.C. § 1983. Plaintiff names as defendants Warden L. J. Fleming, Assistant Warden R. Clary, Captain Lee, Captain Fields, Major Kelly, Officer Rife, Officer Bostic, Sergeant Cooper, Sergeant Mitchell, and Lieutenant Davidson, all of whom are employees of the Virginia Department of Corrections. Plaintiff alleges that the defendants were deliberately indifferent to a substantial risk of harm, in violation of the Eighth Amendment of the United States Constitution. This matter is before the court for screening, pursuant to 28 U.S.C. § 1915A. After reviewing the record, the court dismisses the Complaint without prejudice for failing to state a claim upon which relief may be granted.

I.

Plaintiff alleges the following facts. On November 4, 2013, Plaintiff was transferred from Keen Mountain Correctional Center ("KMCC") to River North Correctional Center ("RNCC") via a four-hour bus ride. Plaintiff sat down in the bus while wearing handcuffs, a waist chain, and leg shackles, and an unspecified person put Plaintiff's prison-issued television[1] on top of Plaintiff's handcuffed wrists. Someone told Plaintiff that he was required to carry his television in his arms for the entire four hour bus ride, and the weight of the television caused the

---

[1] The television allegedly weighed approximately thirty pounds and measured 12 inches x 12 inches x 14 inches.

handcuffs to dig into Plaintiff's wrists. Because Plaintiff wore restraints without having a seat belt, he strained his wrists while holding the television and trying not to fall out of the seat, which caused "excruciating pain" in his wrists, arms, legs, and back. Plaintiff alleges that "[t]his was ordered by Capt. Lee, Capt. Fields, Maj. Kelly, Lt. Davidson, Sgt. Cooper, Sgt. Mitchell, Ofc. Bostic, [and] Ofc. Rife, who were all in agreement with orders from Warden [] Fleming and Assistant Warden [] Clary to make all offenders carry their televisions on top of their handcuffed wrists and arms the entire trip." Compl. 3.

Plaintiff tried to inform the officers on the bus about the pain, but "[t]he music was being played so loud that it . . . prevented the officers from hearing me complaining of the excruciating pain I was suffering, even though I yelled to the officer for help." Id. 4. Plaintiff's hands became numb by the time he arrived at RNCC four hours later, and he has allegedly sustained permanent nerve damage.

## II.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to

relief above the speculative level...." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions...." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim."[2] Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). To be liable via § 1983 for a condition of confinement that violates the Eighth Amendment, a state actor must have been deliberately indifferent to the substantial risk of injury caused by the condition. Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993). To be deliberately indifferent, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 835 (1994). A prison official is not liable if he "knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent." Id. at 844; see Rich v. Bruce, 129 F.3d 336, 338 (4th Cir. 1997) (holding that prison official was not deliberately indifferent because he did not actually draw the inference that the prisoner was exposed to a specific risk of harm).

---

[2] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

Plaintiff fails to identify any defendant's deliberate indifference to the fact the television being placed on Plaintiff's waist chain, arms, and/or wrists for four hours created a substantial risk of "excruciating pain." Plaintiff does not allege that any defendant was present on the bus during his ordeal or had any knowledge about how a television would be placed across Plaintiff's wrists. Even if Plaintiff alleged a defendant had been on the bus, Plaintiff acknowledges that none of the staff on the bus heard him complaining about the pain or were otherwise aware of him experiencing pain. Furthermore, Plaintiff's unsupported conclusion that Defendants knew inmates on the transfer bus would have to hold their televisions, which is not entitled to an assumption of truth, is not sufficient to describe knowledge of a substantial risk of harm. Accordingly, the court finds that Plaintiff fails to allege a defendant's deliberate indifference, and the Complaint is dismissed without prejudice.

### III.

For the foregoing reasons, the court dismisses the Complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

**ENTER**: This 17th day of June, 2014.

/s/ James C. Turk
Senior United States District Judge